**Dismissed and Memorandum Opinion filed February 25, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01023-CR

### SANTANA MATA OLGUIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 64937**

## M E M O R A N D U M   O P I N I O N

Appellant filed a pro se notice of appeal from the trial court's order denying his application for post-conviction writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. An article 11.07 writ of habeas corpus is returnable to the Court of Criminal Appeals, and the convicting court's order may not be appealed to this court. *See* Tex. Code Crim. Proc. art. 11.07, § 3. Thus, only the Court of Criminal Appeals has jurisdiction to review post-conviction habeas

corpus proceedings. *Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. Crim. App. 1991); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S. W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive means to challenge a final felony conviction).

This court lacks jurisdiction to consider an appeal from the order on appellant's post-conviction application for writ of habeas corpus. Accordingly, we order the appeal dismissed.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).